UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SELINA MILLER,

    Plaintiff,                        Case No. 14-cv-14689
                                       Hon. Matthew F. Leitman

v.

BRIDGETT MONGAN, et al.,

    Defendants.
_____/

**<u>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED
WITHOUT PREPAYING FEES OR COSTS (ECF #2) AND DISMISSING
PLAINTIFF'S COMPLAINT (ECF #1) WITHOUT PREJUDICE</u>**

On December 11, 2014, Plaintiff Selina Miller ("Plaintiff") filed this action against seven individual defendants and "Job Family Services." (*See* the "Complaint," ECF #1.) Plaintiff's handwritten Complaint, in its entirety, reads as follows:

1. Each Individual has falsely made statements about the plaintiff Selina Miller.

2. Each defendant has falsely alleged the plaintiff is an associate to receive funds not distributed to the family/plaintiff.

3. Each defendant has communicated with plaintiff's health/medical providers falsely alleging they supportive [sic] caregivers for false reported resources.

<u>Relief</u>

1. Punitive Damages = $1 million
2. Compensatory Damages = $1 million
3. Review of Michigan Family Privacy Act laws

(Complaint at 1-2.)  Plaintiff has also filed an Application to Proceed in District Court without Prepaying Fees or Costs.  (*See* the "Application," ECF #2.)

**A. The Court Grants Plaintiff's Application to Proceed *In Forma Pauperis*.**

Federal law allows a court to authorize a litigant to proceed without prepaying fees or costs, or *in forma pauperis*, when the litigant "submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. §1915(a)(1).  If an application to proceed *in forma pauperis* is accompanied by a facially sufficient affidavit, the Court should grant the application.  *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990).  The Court has reviewed Plaintiff's Application and finds that it "contains allegations of poverty sufficient to allow [her] to proceed without prepayment of costs."  *Id.* at 262.  Accordingly, the Court **GRANTS** Plaintiff's Application to proceed *in forma pauperis*.

**B. The Court Dismisses Plaintiff's Complaint.**

This Court must read a *pro se* Complaint, such as the one Plaintiff filed here, liberally and employ "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, federal courts

are always "under an independent obligation to examine their own jurisdiction," and a federal court may not entertain an action over which it has no jurisdiction. *FEW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).  In fact, a federal court must dismiss an action if it determines that it lacks subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3); *Wagenknecht v. U.S.*, 533 F.3d 412, 416 (6th Cir. 2008) ("a district court may *sua sponte* dismiss an action when it lacks subject matter jurisdiction").  The burden of establishing this Court's jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Even construing Plaintiff's Complaint liberally, the Court is unable to determine if the Court has subject-matter jurisdiction over this action.  Plaintiff's Complaint appears to allege that the Defendants made false statements about Plaintiff and/or received funds intended for Plaintiff.  However, Plaintiff does not appear to base her Complaint on any federal statute or authority.  Nor does she allege that the requirements for federal diversity jurisdiction are satisfied.  Because the Court cannot discern a basis for its subject-matter jurisdiction, the Court must dismiss Plaintiff's Complaint.  *See* Fed. R. Civ. P. 12(h)(3); *Wagenknecht, supra*.

For all the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's Application (ECF #2) is **GRANTED** and Plaintiff's Complaint (ECF #1) is **DISMISSED WITHOUT PREJUDICE**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: December 29, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 29, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(313) 234-5113